**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sonoma Sol LLLP, et al., | No. CV-20-00069-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Truck Insurance Exchange, et al., | |
| Defendants. | |

Pending before the Court is the Parties' Joint Motion for Entry of Proposed Forms of Final Approval Order and Final Judgment, and to Vacate the Final Approval Hearing on November 9, 2021 (Doc. 97).

Procedurally, the approval of a class action settlement takes place in two stages. In the first stage of the approval process, "'the court preliminarily approve[s] the Settlement pending a fairness hearing, temporarily certifie[s] the Class . . . , and authorize[s] notice to be given to the Class.'" *West v. Circle K Stores, Inc.*, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006) (quoting *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 556 (W.D. Wash. 2004)).

On July 16, 2021, the Court satisfied the first requirement of the approval process when it granted Plaintiffs' Unopposed Motion for Preliminary Certification of Settlement Class, Appointment of Settlement Class Representatives and Class Counsel, and Preliminary Approval of Proposed Class Settlement. (Doc. 91).

The Court must now conduct a fairness hearing to entertain any of the Proposed

Class members objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the Settlement Agreement. *See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989) (holding that prior to approving the dismissal or compromise of claims containing class allegations, district courts must, pursuant to Rule 23(e), hold a hearing to "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial"). After the fairness hearing, the Court will make a final determination as to whether the parties should be allowed to settle the class action pursuant to the terms agreed upon.

Notwithstanding the parties' contention that no objections exist, and no member of the Settlement Class has standing to appeal the Court's judgement, the Court will nevertheless hold a Final Approval Hearing. (Doc. 97 at 2). The Ninth Circuit is clear that a hearing must be held to "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." *Diaz*, 876 F.2d at 1408. Moreover, in its previous Order, the Court expressed concern about the named Plaintiffs' proposed incentive payments. (Doc. 91 at 13). Specifically, the Court instructed the parties to be prepared to explain at the hearing the efforts taken as Proposed Class representatives and establish the reasonableness of the awards, including any actual damages sustained because of Defendant's actions. (*Id.*) The parties have not attempted to explain this issue to date, and the Court will hear the parties' arguments at the Final Approval Hearing.

Therefore, the parties have not established cause for the Court to vacate the Final Approval Hearing, and the Court will deny the Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Entry of Proposed Forms of Final Approval Order and Final Judgment, and to Vacate the Final Approval Hearing (Doc. 97) is **denied**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** affirming the Final Approval Hearing set for **9:30 a.m. on November 9, 2021**, in Courtroom 605, at the Sandra Day O'Connor United States Courthouse, Phoenix, Arizona.

Dated this 15th day of October, 2021.

*[signature]*
Honorable Diane J. Humetewa
United States District Judge