NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sonoma Sol LLLP, et al.,

   Plaintiffs,

v.

Truck Insurance Exchange, et al.,

   Defendants.

No. CV-20-00069-PHX-DJH

**ORDER**

Before the Court is Plaintiffs' "Motion for Final Certification of Settlement Class, Approval of Proposed Class Settlement, and Approval of Defendants' Payment of Class Fees, Litigation Expenses, and Service Awards" (Doc. 94 ("Final Approval Motion")). The Court, having previously entered its order preliminarily approving the Stipulation of Settlement and its exhibits (Doc. 89-1 ("Stipulation")), and there being no objection filed to the Proposed Settlement by any member of the Settlement Class, the Court hereby grants the Final Approval Motion in its entirety.[1]

**FINDINGS OF FACT**

1.      Plaintiff Sonoma Sol LLLP ("Sonoma") filed the instant lawsuit, in which it alleged that Defendants Truck Insurance Exchange and Farmers Insurance Exchange ("FIE") improperly withheld payments for general contractor's overhead and profit

---

[1] The Court's findings as stated on the record at the November 9, 2021, fairness hearing further support granting the Final Approval Motion.

("GCOP") from actual cash value ("ACV") payments made under Commercial Insurance Policies insuring property in Arizona.

2.      Plaintiffs Chris and Jessica Adamski (the "Adamskis") filed a lawsuit in this District, styled *Adamski, et al. v. Farmers Insurance Exchange, et al.*, No. 2:20-cv-01816-DLR (the "*Adamski* Action"), in which they alleged that Defendants FIE and Farmers Insurance Company of Arizona, and non-party Farmers Group, Inc., improperly withheld payments for GCOP from ACV payments made under Residential Insurance Policies insuring property in Arizona.

3.      Upon the Parties' agreement, the complaint in this lawsuit was amended to adjust the named-insurer defendants and assert the claims that were asserted in the *Adamski* Action. (Doc. 84 (First Amended Complaint ("FAC"))). After the complaint was amended, the *Adamski* Action was dismissed, without prejudice.

4.      Defendants deny all material allegations in the FAC, as to which Defendants assert numerous defenses.

5.      Before the FAC was filed, the original parties to the lawsuit conducted discovery. Defendants filed three motions that were fully briefed and awaiting decision at the time of the Parties' settlement, seeking: (1) denial of class certification for lack of numerosity; (2) dismissal of certain claims against Defendant FIE for lack of standing; and (3) summary judgment on the merits of Plaintiff Sonoma's claims. Sonoma also moved for summary judgment on the merits of its claim, which motion was also fully briefed and awaiting decision at the time of the Parties' settlement.

6.      On February 2, 2021, the Parties reached a Proposed Settlement that provides substantial benefits to the Settlement Class Members, in return for a release and dismissal of claims against the Defendants. The settlement was reached after the Parties engaged in extensive and lengthy arms-length negotiations, including mediation before Mark G. Worischeck. Class Counsel was well-positioned to evaluate the benefits of the settlement,

taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of law and fact.

7. Plaintiffs and Defendants executed the Stipulation on April 7, 2021 (Doc. 89-1), and that same day the Plaintiffs filed with the Court their "Unopposed Motion for Preliminary Certification of Settlement Class, Appointment of Settlement Class Representatives and Class Counsel, and Preliminary Approval of Proposed Class Settlement" (Doc. 88 ("Preliminary Approval Motion")).

8. The Stipulation is incorporated by reference in this Order and all terms defined in the Stipulation will have the same meanings in this Order.

9. On June 16, 2021, the Court entered an Order Preliminarily Approving Class Settlement (Doc. 91 ("Preliminary Approval Order")), preliminarily approving the Stipulation, preliminarily certifying the Class as a class action for settlement purposes only, and scheduling a hearing ("Final Approval Hearing") to consider final approval of the Proposed Settlement and other actions described in the Preliminary Approval Order.

10. As part of the Preliminary Approval Order, the Court certified for settlement purposes only a class ("Settlement Class") defined as follows:

> All Persons who submitted an Insurance Claim for Covered Damage under a Commercial Insurance Policy or a Residential Insurance Policy issued by a Defendant during the Class Period.
>
> Excluded from the Settlement Class are: (1) Defendants and their affiliates, officers, and directors; (2) members of the judiciary (and their staff) to whom the Lawsuit is assigned and to whom the *Adamski* Action was assigned; (3) persons who experienced Covered Damage that was subject to a final judgment or release; and (4) Plaintiffs' Counsel.
>
> "Covered Damage" means (a) direct physical damage to a structure located within the State of Arizona, (b) resulting from a peril that occurred during the Class Period, (c) for which an Insurance Claim was made under a Commercial Insurance Policy or a Residential Insurance Policy, (d) which Insurance Claim was determined by a Defendant to be covered under the terms of that Commercial Insurance Policy or Residential Insurance Policy, (e) which resulted in one or more payment(s) by or on behalf of a Defendant

for said direct physical damage; and (f) the Insurance Claim was deemed "closed" by the paying Defendant on or before April 7, 2021.

"Class Period" means: (a) for a Settlement Class Member who sustained Covered Damage under a Commercial Insurance Policy, the period of time between (i) December 13, 2013, and (ii) April 7, 2021; and (b) for a Settlement Class Member who sustained Covered Damage under a Residential Insurance Policy, the period of time between (i) September 16, 2014, and (ii) April 7, 2021.

11. On September 10, 2021, Plaintiffs applied to the Court for (a) final certification of the Settlement Class, (b) final approval of the terms of the Proposed Settlement, (c) approval of Defendants' payment of attorneys' fees, expenses and class representative service awards, and (d) entry of this Final Approval Order. (Doc. 94). In support, Plaintiff submitted evidence showing: the non-collusive negotiation of the Stipulation; the fairness, reasonableness, and adequacy of the Stipulation; and the fairness, reasonableness, and adequacy of Class Counsel's request for attorneys' fees, costs and class representatives' payment. (Doc. 95.)

12. The parties have also submitted a declaration from the Settlement Administrator (Doc. 96), describing the dissemination and adequacy of the Class Notice and Review Request Form, the establishment of a toll-free telephone number and settlement website, a list of names of potential Settlement Class Members who, per the terms of the Stipulation, submitted a timely and proper request for exclusion from the Settlement Class.

13. The Settlement Administrator has satisfactorily demonstrated that the Class Notice and Review Request Form were Mailed, and an automated toll-free telephone number and settlement website were established in accordance with the Stipulation and Preliminary Approval Order. All notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and Defendants have fully complied with the notice requirements under that Act.

14. The Settlement provides substantial monetary benefits to qualifying Settlement Class Members who timely submit completed Review Request Forms. The claims procedure established under the Stipulation is uniform and fair, and provides Settlement Class Members with an extended and ample opportunity to receive settlement payments as described in the Stipulation. In addition, under the Settlement, Defendants have agreed to: (a) fund the costs of notice and settlement administration; and (b) pay up to $500,000 in attorneys' fees, up to $20,000 in litigation expenses, and up to $10,000 in service awards, all without diminishing the relief otherwise available for the Settlement Class.

15. All potential Settlement Class Members were provided an opportunity to request exclusion as provided in the Stipulation. No Settlement Class Member was precluded from opting out of the Settlement Class if he, she, or it so desired. The two Persons who timely and properly requested exclusion from the Settlement Class are listed in the Administrator's declaration. (Doc. 96, ¶¶ 20-21.) The Court finds that by virtue of their timely requested exclusion from the Settlement Class the individual interests of those two Persons are wholly unaffected by the Proposed Settlement.

16. All Settlement Class Members who were not excluded from the Settlement Class were provided an opportunity to object to the Proposed Settlement and appear at the Final Approval Hearing. No Settlement Class Members have filed an objection to the Proposed Settlement.

17. Settlement Class Members who did not timely file and serve a written objection to the Stipulation in accordance with the procedure set forth in the Stipulation and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

18. The Court furthermore considered, among other matters: (a) whether certification for settlement purposes only was appropriate under Rule 23 of the Federal Rules of Civil Procedure; (b) the fairness, reasonableness, and adequacy of the Proposed

Settlement and Stipulation; and (c) the fairness and reasonableness of the Fee & Expense Motion under applicable law.  The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendants' Counsel, but rigorously and independently evaluated the Stipulation and Final Approval Motion.

19.  On the basis of the matters presented in this lawsuit and the provisions of the Stipulation, the Court is of the opinion that the Proposed Settlement is a fair, reasonable, and adequate compromise of the claims against Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure.  In particular, the Court finds:

a.  The liability issues in this lawsuit and the suitability of this lawsuit for certification of a litigation class would be vigorously contested, particularly, for example, in respect to litigation manageability requirements;

b.  The Proposed Settlement has the benefit of providing substantial benefits to Settlement Class Members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the Parties;

c.  The Proposed Settlement is clearly a product of adversary litigation between the Parties, and not a result of any collusion on the part of Class Counsel and Defendants; and

d.  Defendants' payment of reasonable attorneys' fees, reimbursed litigation expenses, and service awards is fair, reasonable, and in all respects consistent with the terms of the Stipulation.

### CONCLUSIONS OF LAW

20.  The Court has personal jurisdiction over the Plaintiffs, Defendants, and Settlement Class Members; venue is proper and the Court has subject matter jurisdiction, including without limitation, jurisdiction to approve the Stipulation, to grant final certification of the Settlement Class, to settle and release all claims arising out of the

lawsuit, and to enter this Final Approval Order and dismiss this lawsuit on the merits and with prejudice.

21. For settlement purposes only, the Settlement Class meets all the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process under the Arizona and United States Constitutions, and all other applicable rules and law, and the Settlement Class this Court previously preliminarily certified in its Preliminary Approval Order is hereby finally certified as a settlement class action. In connection with the class certification ruling, the Court specifically finds as follows:

    a. The Settlement Class Members are ascertainable and the class is so numerous that joinder of all members is impracticable;

    b. Questions of law and fact are common to all Settlement Class Members;

    c. The Representative Plaintiffs' claims are typical of those of the Settlement Class;

    d. The Representative Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class for the purposes of entering into and implementing the Proposed Settlement;

    e. Class Counsel meets the standard for appointment under Rule 23(g);

    f. Questions of law or fact common to the Settlement Class predominate over questions affecting only individual members; and

    g. A class action is superior to other available methods for fairly and efficiently resolving the controversy.

22. Based on the Court's review of the evidence admitted and argument of counsel, the Court finds and concludes that the Class Notice and Review Request Form were Mailed to potential Settlement Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the automated toll-free telephone number, and the settlement website:

   a. Constituted, under the circumstances, the best practicable notice of the pendency of the lawsuit and the Proposed Settlement to all Settlement Class Members who could be identified through reasonable effort; and

   b. Meets the requirements of the Federal Rules of Civil Procedure, due process under the Arizona and United States Constitutions, and any other applicable rules or law.

  23. Settlement Class Members were given notice of the Proposed Settlement and an opportunity to be heard in response to the Proposed Settlement.

  24. The evidence before the Court clearly supports a finding that the Stipulation was entered into in good faith after arm's-length negotiations between the Plaintiffs and Defendants, with no collusion or fraud, and the Court does hereby so find.

  25. Approval of the Stipulation and the Proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the terms of the Stipulation are fair, reasonable, and adequate as to, and in the best interests of, members of the Settlement Class based on discovery, due diligence, and the absence of material objects sufficient to deny approval.

  26. The Proposed Settlement of the lawsuit on the terms, conditions, and limitations set forth in the Stipulation is accordingly approved and confirmed in all respects as fair, reasonable, and adequate and in the best interests of the Settlement Class, especially in light of the benefits made available to the Settlement Class and the costs and risks associated with the continued prosecution, trial, and possible appeal of this complex litigation.

  27. A review of the following factors supports a finding that the Proposed Settlement is fair reasonable and adequate: the relative strength of the plaintiffs' case (including the strength of Defendants' defenses); the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the

proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

28. Although the Class Notice campaign was highly successful and resulted in Class Notice and Review Request Forms being mailed to 12,854 potential Settlement Class Members, only two potential Class Members requested to be excluded from the class and zero Class Members filed objections to the Stipulation. (Doc. 96, ¶¶ 7, 20-21.) The lack of any significant opposition to the well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Proposed Settlement.

29. The Court, in evaluating the fairness, reasonableness, and adequacy of the Proposed Settlement, finds that the Stipulation and Proposed Settlement are fair, reasonable, and adequate under federal law and the *Hanlon* factors.

30. The Review Request process set forth in the Stipulation is fair, reasonable, and adequate to Settlement Class Members. Any Settlement Class Member who did not timely request exclusion from the Settlement Class in accordance with the Stipulation is forever barred from asserting a Released Claim against a Released Person in any other action or proceeding.

31. Pursuant to Federal Rule 23(e)(2), the Court expressly adjudges that (a) the Class Representatives and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated at arm's length; (c) the relief provided under the Settlement for the Class is adequate, taking into account the costs, risks, and delay of trial and appeal, the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, the terms of any proposed award of attorney's fees, including timing of payment, and any agreement required to be identified under Rule 23(e)(3); and (d) the Settlement treats Class members equitably relative to each other.

32. The separate payment of attorneys' fees is appropriately viewed as an additional benefit to the class under the settlement agreement, and may even be considered by the reviewing court as an additional monetary benefit to the settlement class in assessing

the overall value of the settlement for purposes of gauging the reasonableness of a fee award. *See, e.g., In re: Managed Care Litig., Class Plaintiffs v. Aetna, Inc.*, No. 00-1334-MD-Moreno, 2003 WL 22850070, at *6 (S.D. Fla. Oct. 24, 2003) (adding attorneys' fees to be paid by defendant to class counsel to the total settlement fund when assessing the reasonableness of the fee amount).

33. Based on the record presented, Plaintiffs' Counsel's requests for Court approval of Defendants' payment of $500,000.00 in attorneys' fees is fair, reasonable, and adequate. In particular, a fee request that is 7.1% of Plaintiffs' estimate of the Settlement Payment Benefit is presumptively reasonable. *See, e.g., Smilovits v. First Solar, Inc.*, No. CV-12-00555-PHX-DGC, 2020 WL 3636773, at *1 (D. Ariz. June 30, 2020) ("The amount awarded Lead Counsel is substantial, but well below the Ninth Circuit's 25% benchmark."); *Facciola v. Greenberg Traurig LLP*, No. CV-10-1025-PHXFJM, 2012 WL 4711894, at *1 (D. Ariz. Oct. 3, 2012) (approving 15% common benefit fee award). Furthermore, for purposes of a lodestar cross-check, Plaintiffs' Counsel's reasonable lodestar totals $543,508.00, yielding a negative multiplier of 0.92. *See, e.g., Corker v. Costco Wholesale Corp.*, No. 2:19-CV-00290-RSL, 2021 WL 2790518, at *2 (W.D. Wash. June 25, 2021) (negative multiplier "confirms the reasonableness of the requested fee"); *Sanchez v. Frito-Lay, Inc.*, No. 1:14-cv-00797-DAD-BAM, 2021 WL 1813190, at *10 (E.D. Cal. May 6, 2021) ("Counsels' declarations are sufficient to establish the number of attorney and staff hours worked on this matter."); *see, e.g., Facciola*, 2012 WL 4711894, at *2 (approving multiplier cross-check of 1.3); *In re Apollo Grp. Inc. Sec. Litig.*, No. CV-04-2147–PHX–JAT, 2012 WL 1378677, at *7 (D. Ariz. April 2, 2012) (approving lodestar cross-check multiplier of 1.74).

34. Given the length of the consolidated Actions, litigation expenses of $16,933.05 are reasonable in amount, and properly reimbursed to Plaintiffs' Counsel. *See, e.g., Sanchez*, 2021 WL 1813190, at *10.

35. In the Ninth Circuit, an incentive award of $5,000 is "presumptively reasonable." *Carlotti*, 2020 WL 3414653, at *7; *see also Congdon v. Uber Techs., Inc.*, No. 16-cv02499-YGR, 2019 WL 2327922, at *9 (N.D. Cal. May 31, 2019) ("The Ninth Circuit has repeatedly held that $5,000 is a reasonable amount for an incentive award." (also collecting cases)). Based on the record presented, the Court concludes service awards to Sonoma and the Adamskis of $6,000 and $4,000, respectively, are appropriate and warranted. The combined amount of $10,000 requested as the aggregate service awards here is reasonable when compared to the significant classwide benefit that would not have been achieved without their willingness to act as a named plaintiff and class representative. *See, e.g., Julian v. Swift Transp. Co.*, No. CV-16-0057-PHX-ROS, 2020 WL 6063293, at *3 (D. Ariz. Oct. 14, 2020) (service award to single class representative of $15,000 deemed reasonable given the total settlement benefit of $14 million); *Winters v. Two Towns Ciderhouse, Inc.*, No. 20-cv-00468-BAS-BGS, 2021 WL 1889734, at *3 (S.D. Cal. May 11, 2021).

**IT IS THEREFORE ORDERED:**

A. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, final certification of the Settlement Class is confirmed for the purpose of the Settlement, in accordance with the Stipulation.

B. Two requests for exclusion were submitted, and thus those Persons are deemed excluded from the Settlement Class.

C. All members of the Settlement Class are bound by this Final Approval Order, the forthcoming Judgment, and the Stipulation, including the releases provided for in Paragraphs 83-88 of the Stipulation and in this Final Approval Order.

D. The Final Approval Motion is granted, and all provisions and terms of the Stipulation are hereby finally approved in all respects. The Parties to the Stipulation are hereby directed to comply with and consummate the Stipulation in accordance with its terms, as may be modified by subsequent orders of this Court.

E.  The Court orders the Clerk to enter Judgment as to all claims in the Action between the Representative Plaintiffs, Settlement Class Members, and Defendants, and the Court approves and adopts all terms and conditions of the Proposed Settlement and the Stipulation, fully and finally terminating all claims of the Representative Plaintiffs and the Settlement Class Members in this lawsuit against Defendants and as to Released Persons, on the merits and with prejudice, without leave to amend. The Court expressly determines that there is no just reason for delay in entering Final Judgment.

F.  Pursuant to Rule 23(a) and (g) of the Federal Rules of Civil Procedure, Plaintiffs Sonoma Sol, Chris Adamski, and Jessica Adamski are appointed as the Representative Plaintiffs for the Settlement Class, and the following counsel are appointed as counsel for the Settlement Class:

> Francis J. Balint, Jr.
> Bonnett, Fairbourn, Friedman & Balint, P.C.
>
> 2325 East Camelback Road, Suite 300
>
> Phoenix, Arizona 85016
>
> Telephone: (602) 274-1100
> Facsimile: (602) 274-1199
>
> Michael N. Poli
> Poli, Moon & Zane, PLLC
>
> 2999 North 44th Street, Suite 325
>
> Phoenix, Arizona 85018
>
> Telephone: (602) 857-8180
>
> Facsimile: (602) 857-7333

G.  Upon the Implementation Date, the Representative Plaintiffs, all Settlement Class Members and all of their co-insureds, spouses, heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf (collectively, the "Releasing Parties"), will be bound by this Final Approval Order and the

entry of Judgment and shall be conclusively deemed to have fully released, acquitted and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the Stipulation, and shall be conclusively bound by this Final Order and the Judgment under the doctrines of *res judicata*, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims. The Releasing Parties who did not timely and properly exclude themselves from the Settlement Class are deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Stipulation. The Stipulation shall be the exclusive remedy for all Releasing Parties with regards to Released Claims.

H.   Although the definitions in the Stipulation are incorporated in and are part of this Final Order and the Judgment, the following definitions from the Stipulation are repeated for ease of reference:

i.   "Released Claims" means and includes, to the full extent of claim preclusion and *res judicata* principles: any and all known claims, Unknown Claims (as defined below), rights, demands, actions, causes of action, allegations, demands for money, or suits of whatever kind or nature (including but not limited to suits for breach of contract, breach of implied covenant, reasonable expectations, negligence, statutory or common-law bad faith, unfair claims settlement practices, statutory violation, unjust enrichment, fraud, constructive fraud, misrepresentation, deceptive trade practices, unfair practices, declaratory judgment and injunction) that were or could have been brought against the Released Persons, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual and/or punitive or exemplary damages), arising from or in any way related to a Defendant's payment or non-payment of GCOP in a Qualifying ACV Payment for Covered Damage under a Commercial Insurance Policy or a

Residential Insurance Policy issued by a Defendant and based on the same factual predicate alleged in the Lawsuit. The Released Claims include, for example and without limitation, claims based on allegations, as to an Insurance Claim for Covered Damage, arising from or related to: (a) the Incurred & Paid Policy Language; (b) a Defendant's determination of whether a General Contractor's Services were reasonably likely to be required to repair Covered Damage; and (c) the amount of GCOP payable based on a Defendant's estimate for repair. Released Claims also include any and all claims for attorneys' fees, costs, interest or disbursements incurred by Plaintiffs' Counsel or any other counsel representing Plaintiffs or any Settlement Class Member, or by Plaintiffs or any Settlement Class Member in connection with or related in any manner to the *Adamski* Action, the Lawsuit, the settlement of the Lawsuit, the administration of such settlement, and/or the Released Claims, except to the extent otherwise specified in this Stipulation. For the avoidance of doubt, this release includes claims by any firms for which Plaintiffs' Counsel worked, or with whom Plaintiffs' Counsel was associated, in the course of the Actions. Except as to Plaintiffs, the Released Claims do not include claims based on allegations related to: (i) other claims for benefits or coverage issues that are unrelated to the Incurred & Paid Policy Language; or (ii) scope of damage issues in an individual Insurance Claim (scope of damage includes, for example, what damage is related to the covered cause of loss, what repair work is needed or reasonable, and the estimated cost of doing that work; on those issues, the estimate used for the Qualifying ACV Payment control for purposes of this Stipulation).

  ii.  "Unknown Claims" means any claims arising out of existing facts found hereafter to be other than or different from the facts now believed or suspected to be true, relating to any matter covered by this Stipulation and as to any of the Released Claims. Upon the Implementation Date, each Settlement Class member will expressly waive any and all Unknown Claims to the full extent permitted by

law, and to the full extent of claim preclusion and *res judicata* protections. Plaintiffs acknowledge for themselves and the Settlement Class Members that they are aware that they may hereafter discover presently Unknown Claims occurring or arising during the Class Period. Nevertheless, it is the intention of Plaintiffs in executing the Stipulation for themselves and the Settlement Class Members that they fully, finally and forever settle and release all such matters, and all claims relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Released Claims. To the extent any applicable statutes or principles of law limit the Release of Unknown Claims, such statutes and principles shall be knowingly and voluntarily waived to the maximum extent permitted by law.

      iii.      "Released Persons" means Truck Insurance Exchange, Farmers Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, Farmers Insurance Company of Arizona, and Farmers Group, Inc., and their parents, subsidiaries, affiliates, attorneys in fact, successors and predecessors in interest, assigns, acquirers, divisions, heirs, officers, directors, shareholders, representatives, agents, managing agents, employees, independent contractors, attorneys, auditors, accountants, underwriters, advisers, insurers, co-insurers, re-insurers, legal representatives and/or consultants.

      I.      To protect the continuing jurisdiction of the Court and to protect and effectuate this Final Approval Order, the Court permanently and forever bars and enjoins the Releasing Parties from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims. Any person or entity in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred in seeking enforcement of the injunction.

J.      This Final Approval Order, the Judgment, the Stipulation, the negotiations of the Stipulation, the Settlement procedures, any act, statement or document related in any way to the negotiation of the Stipulation or Settlement procedures, and any pleadings, or other document or action related in any way to the Stipulation shall not be:

   i.   Construed as an admission or concession by Defendants of the truth of any of the allegations in the lawsuit, or of any liability, fault, or wrongdoing of any kind on the part of Defendants;

   ii.  Offered or received in evidence in any action or proceeding in any court, administrative panel or proceeding, or other tribunal, as an admission or concession of liability or wrongdoing of any nature on the part of Defendants or that this lawsuit may be properly maintained as a litigation or arbitration class action;

   iii. Offered into evidence in the lawsuit or in any other case or proceeding in support of or in opposition to a motion to certify a contested class against Defendants; or

   iv.  Otherwise used in any case or proceeding whatsoever in support of or in opposition to a motion to certify a contested class action against Defendants.

K.      This Final Approval Order, entry of Judgment, and the Stipulation may be filed in any other action against or by any Released Person to support any argument, defense, or counterclaim, including but not limited to those based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

L.      Defendants' Proprietary Information shall be protected from disclosure and handled in accordance with the terms of the Stipulation, and Class Counsel and any other attorneys for Plaintiffs in this lawsuit shall destroy or return to Defendants' Counsel all Proprietary Information, in their possession, custody, or control as set forth in the Stipulation.

M. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Class Counsel's application for approval of the Defendants' payment of attorneys' fees, litigation expenses, and service awards is granted, approving Defendants' payment to Plaintiffs' Counsel the total sum of $500,000.00 in attorneys' fees and $16,933.05 in expenses. In addition, the Court approves Defendants' payment to the Representative Plaintiffs a service award of $6,000.00 to Sonoma and $4,000.00 to the Adamskis. The Court hereby finds all such amounts are fair and reasonable. Defendants shall pay such fees and expenses to Class Counsel and the service award to the Representative Plaintiffs pursuant to the terms of the Stipulation. Defendants shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person or entity who may assert a claim thereto, of attorneys' fees and expenses awarded by the Court.

N. Payments to Settlement Class Members who timely submit a completed Review Request Form shall be made in the amounts, if any, within the time period, and in the manner described in the Stipulation.

O. The Court appoints as the Neutral Evaluators two Arizona-licensed attorneys to be agreed to between Plaintiffs and Defendants to carry out the duties and responsibilities set forth in the Stipulation. If the parties cannot agree to Neutral Evaluators, they may submit their dispute to the Court for a final, non-appealable determination. The Representative Plaintiffs, Class Counsel, Defendants, and/or Defendants' Counsel shall not be liable for any act or omission of the Neutral Evaluators.

P. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to implement any of the provisions of the Stipulation.

Q. This Action is dismissed in its entirety on the merits, with prejudice and without leave to amend, without fees or costs to any party except as otherwise provided herein.

R. Without in any way affecting the finality of this Final Approval Order or the Judgment, this Court shall retain continuing jurisdiction over this lawsuit for purposes of:

i.  Enforcing the Stipulation and the Proposed Settlement;

ii. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

iii. Any other matters related or ancillary to any of the foregoing.

Dated this 9th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge